UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALICE JOHNSON | CIVIL ACTION |
| VERSUS | |
| STATE FARM FIRE AND CASUALTY COMPANY | NO. 24-00278-BAJ-EWD |

### RULING AND ORDER

Before the Court is the parties' **Joint Motion To Transfer Venue To The Western District Of Louisiana (Doc. 9)**. For reasons to follow, the Court determines that, in the interest of justice, this action should be transferred to the Western District of Louisiana. As such, the parties' motion shall be **GRANTED**, and this matter shall be transferred to the United States District Court for the Western District of Louisiana.

### I. BACKGROUND

This action arises from a property damage dispute between Plaintiff Alice Johnson and Defendant State Farm Fire and Casualty Company. Plaintiff's property in Rayville, Louisiana allegedly suffered from wind and hail damage while Plaintiff held an insurance policy covering such damage with Defendant. (Doc. 9-1 at p. 1). Plaintiff provided notice to Defendant as to the damage, at which time Defendant inspected the property and rendered payment. (*Id.*). Plaintiff contested the property damage valuation performed by Defendant, and filed suit in the Nineteenth Judicial District for the Parish of East Baton Rouge. (*Id.* at p. 2). Defendant then removed this

action to this Court on the basis of diversity jurisdiction. (*Id.* at p. 2).

## II. DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A movant satisfies its burden of showing that an alternative forum is more appropriate via a good cause showing. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). "[T]o show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (quoting 28 U.S.C. § 1404(a)).

### A. Venue

Successful motions to change venue must first show that the action "might have been brought" in the would-be venue. 28 U.S.C. § 1404(a). A civil action "may be brought in . . . a judicial district in which . . . a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Here, the property at issue is located in Rayville, Louisiana. Rayville falls within the Western District. The Court therefore finds that this action may have been brought in the Western District.

### B. Convenience and Interests of Justice

Next, the Court must determine whether convenience and the interests of justice favor transfer. *In re Volkswagen*, 545 F.3d at 312. In making this determination, the Court should consider non-exhaustive lists of both private and public interest factors. *See id.* at 315. The private interest factors are: "(1) the relative

2

ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

Here, the Court determines that the interests of justice and fairness weigh in favor of transferring the action to the Western District. Plaintiff and most witnesses reside in the Western District. (Doc. 9-1 at p. 2). The relevant property is located within the Western District. (*Id.* at p. 1). Assuming most witnesses reside close to Rayville, Louisiana, which is approximately one hundred and sixty miles from Baton Rouge, the majority of witnesses would be well beyond the subpoena power of this Court were this action to remain in the Middle District. *See* Fed. R. Civ. P. 45(c)(1). Further, transferring this action to the Western District satisfies the public interest factor of having localized interests decided at home. There is no meaningful connection between the Middle District and this action.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Motion be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that this matter be and is hereby transferred

to the United States District Court for the Western District of Louisiana.

Baton Rouge, Louisiana, this 12th day of June, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

4